IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | |
| Plaintiff, | Civil Action No.: GLR-20-702 |
| v. | |
| CIENA CORPORATION, | |
| Defendant. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Ciena Corporation's ("Ciena") Motion to Transfer (ECF No. 30).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will grant Ciena's Motion.

### I.   BACKGROUND[2]

Plaintiff Capella Photonics, Inc. ("Capella") is in the business of developing "optical switching technologies for use in optical transmission networks," including "Dense

---

[1] Also pending before the Court are Ciena's Partial Motion to Dismiss (ECF No. 22); Plaintiff Capella Photonics, Inc.'s ("Capella") Consent Motion to Extend Time to Respond to Partial Motion to Dismiss (ECF No. 26); and Capella's Opposed and Expedited Motion for an Order (1) Allowing It to Serve and Conduct Targeted Discovery on the Issues Raised by Defendant's Transfer Motion; and (2) for an Extension of Time to Respond to the Transfer Motion Pending Completion of the Discovery (ECF No. 31) ("Motion for Discovery"). The Court will grant Capella's Consent Motion to Extend Time nunc pro tunc. However, because the Court will grant Ciena's Motion to Transfer, the Court will deny Capella's Motion for Discovery and decline to rule on Ciena's Partial Motion to Dismiss.

[2] Unless otherwise noted, the Court takes the following facts from Capella's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

Wavelength Division Multiplexing (DWDM) transport platforms that include reconfigurable optical add and drop multiplexers (ROADMs)." (Compl. ¶ 8, ECF No. 1). Through its development efforts, Capella has sought and been granted a number of patents. (Id. ¶ 9).

As Capella explains, "Optical fiber is used by telecommunications companies to transmit telephone signals, Internet communications, and cable television signals," which it accomplishes "by using different wavelengths of light to carry the data." (Id. ¶ 10). Networks using optical fiber are common throughout the world. (Id. ¶ 13). These networks "form a grid" on different countries or continents, and each grid contains a series of "hubs or nodes" at which segments of fiber optic cable intersect. (Id.). At each such hub or node, there exist DWDM transport platforms, which "are typically modular in nature with optical switching at the individual wavelength level carried out by one or more ROADM modules using the pioneering technology invented and patented by Capella." (Id.). These platforms and modules "are the backbone of advanced fiberoptic networks because they route (or switch) signals traveling along fiber optic cables in the directions they need to go." (Id. ¶ 14).

In the Complaint, Capella provides detail on the specific patents at issue in this dispute. As Capella explains:

> Capella is the owner of United States Patent No. 6,879,750 entitled, "Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities" (the "'750 patent"). The '750 patent issued April 12, 2005 to Capella and claims priority to applications filed in 2001. The '750 was reissued to Capella on May 17, 2011 as United States Patent No. RE 42,368 (the "'368 patent"). The

>'368 patent was reissued to Capella on March 17, 2020 as United States Patent No. RE 47,905 (the "'905 patent"). . . .
>
> One or more claims of the '905 patent is substantially identical to one or more claims of the original '368 patent. . . .
>
> Capella is the owner of United States Patent No. 6,625,346 entitled, "Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities" (the "'346 patent"). The '346 patent issued September 23, 2003 to Capella and claims priority to applications filed in 2001. The '346 patent was reissued to Capella on November 14, 2006 as United States Patent No. RE 39,397 (the "'397 patent"). The '397 was reissued to Capella on September 6, 2011 as United States Patent No. RE 42,678 (the "'678 patent"). The '678 patent was reissued to Capella on March 17, 2020 as United States
> Patent No. RE 47,906 (the "'906 patent"). . . .
>
> One or more claims of the '906 patent is substantially identical to one or more claims of the original '678 patent.

(Id. ¶¶ 19–20, 22–23).

Capella alleges that Ciena has infringed on these patients by, inter alia, "making, selling, offering for sale, and/or importing products and/or services that infringe the Asserted Patents, and also through its own use and testing of products and/or services that infringe the Asserted Patents." (Id. ¶ 26). Capella further asserts that Ciena "has been on notice of infringement since at least 2014 when Capella filed suit for infringement of the '368 and '678 patents against Ciena in the U.S. District Court for the Southern District of Florida in an action entitled Capella Photonics, Inc. v. Ciena Corporation (Case No. 1:14-cv-20530-KMM)." (Id. ¶ 28). That action was subsequently "transferred from Florida to [the Northern District of] California in August of 2014." (Pl.'s Opp'n Def.'s Mot. Transfer Venue to N.D. Cal. ["Opp'n"] at 8, ECF No. 32).

3

The caption of the action following the transfer was Capella Photonics, Inc. v. Cisco Sys., Inc., No. 3:14-cv-03348-EMC (N.D.Cal.). The transferred action was, in fact, a consolidated action comprising four cases. See Order Consolidating Cases for Pretrial Purposes, Capella Photonics, Inc. v. Ciena Corporation, No. 1:14-cv-20530-KMM (S.D.Fla. July 18, 2014). In March 2015, less than seven months after the transfer, Judge Chen stayed the action pending the resolution of certain related proceedings then before the U.S. Patent Trial and Appeal Board ("PTAB"). See Order Regarding Cisco's Pending Mot. for Litigation Stay Pending Inter Partes Review, Capella Photonics, Inc. v. Cisco Sys., Inc., No. 3:14-cv-03348-EMC (N.D.Cal. Mar. 3, 2015). Following an adverse ruling from the PTAB, Judge Chen granted Capella's motion to dismiss the action without prejudice. See Order Granting Pl.'s Mot. to Dismiss Without Prejudice, Capella Photonics, Inc. v. Cisco Sys., Inc., No. 3:14-cv-03348-EMC (N.D.Cal. Sept. 6, 2019). Thus, as Capella notes, while that action lasted well over five years, it was stayed for nearly four of those years. (Opp'n at 9).

Despite this, during the time Judge Chen presided over the case, "Capella served infringement contentions, the defendants served invalidity contentions, and the parties held multiple hearings before Judge Chen." (Mem. Supp. Mot. Transfer Venue to N.D. Cal. ("Mot. Transfer") at 3, ECF No. 30-1 (citing Capella Photonics, Inc. v. Cisco Sys., Inc., No. 3:14-cv-03348-EMC (N.D.Cal.), Dkt. Nos. 110, 131, 144, 200, 212, 225, 236)). Ciena further explains that "Judge Chen issued substantive, written rulings on inequitable conduct and Capella's motion for leave to amend its infringement contentions." (Id. (citing Capella

4

Photonics, Inc. v. Cisco Sys., Inc., No. 3:14-cv-03348-EMC (N.D.Cal.), Dkt. Nos. 146, 219)).

Earlier this year, Capella became involved in a number of lawsuits relating to the issuance of the '905 patent and '906 patent. In addition to this lawsuit, those cases include Cisco Sys., Inc. v. Capella Photonics, Inc., No. 3:20-cv-01858-EMC (N.D.Cal. filed Mar. 16, 2020); Capella Photonics, Inc. v. Infinera Corp., No. 2:20-cv-00077-JRG (E.D.Tex. filed Mar. 16, 2020); Capella Photonics, Inc. v. Fujitsu Network Communications, Inc., 2:20-cv-00076-JRG (E.D. Tex. filed Mar. 16, 2020). There are pending motions to transfer in both cases in the Eastern District of Texas. See Mot. Change Venue, Capella Photonics, Inc. v. Fujitsu Network Communications, Inc., No. 2:20-cv-00076-JRG (E.D.Tex. Aug. 31, 2020); Mot. Transfer Venue to N.D. Cal., Capella Photonics, Inc. v. Infinera Corp., No. 2:20-cv-00077-JRG (E.D.Tex. July 6, 2020).

In the case in the Northern District of California, Judge Chen granted Cisco Systems, Inc.'s motion for judgment on the pleadings regarding Capella's ability to seek damages for alleged infringements that took place prior to the reissue of the relevant patents. See Order Granting Pl.'s Mot. for J. on the Pleadings, Cisco Sys., Inc. v. Capella Photonics, Inc., No. 3:20-cv-01858-EMC (N.D.Cal. Aug. 21, 2020). Following additional briefing from the parties, Judge Chen filed an additional order limiting the scope of the relief granted in his August 21, 2020 order. See Order Granting Relief from Order, Cisco Sys., Inc. v. Capella Photonics, Inc., No. 3:20-cv-01858-EMC (N.D.Cal. Nov. 23, 2020). In addition, another lawsuit was recently filed in the Northern District of California involving the same patents at issue in this case. See Finisar Corp. v. Capella Photonics,

Inc., No. 3:20-cv-07629-NC (N.D.Cal. filed Oct. 29, 2020). There is a pending administrative motion to relate that case to the existing case before Judge Chen. See Admin. Mot. to Relate Cases, Finisar Corp. v. Capella Photonics, Inc., No. 3:20-cv-07629-NC (N.D.Cal. Nov. 13, 2020).

On March 17, 2020, Capella filed the Complaint in this action against Ciena. (ECF No. 1). The two-count Complaint alleges: Infringement of the '905 Patent (Count I); and Infringement of the '906 Patent (Count II). (Id. ¶¶ 36–92). Capella seeks declaratory relief, injunctive relief, actual and compensatory damages, and increased damages due to Ciena's allegedly willful infringement. (Id. at 17–18).

On June 8, 2020, Ciena filed a Partial Motion to Dismiss. (ECF No. 22). Capella filed an Opposition on July 6, 2020. (ECF No. 27). Ciena filed a Reply on August 3, 2020. (ECF No. 28). Ciena then filed a Notice of Supplemental Authority on September 1, 2020. (ECF No. 29). Capella submitted a Response to Ciena's Notice of Supplemental Authority on October 23, 2020 (ECF No. 33).

On October 6, 2020, Ciena filed a Motion to Transfer. (ECF No. 30). Capella filed an Opposition on October 20, 2020. (ECF No. 32). That same day, Capella filed an Opposed and Expedited Motion for an Order (1) Allowing It to Serve and Conduct Targeted Discovery on the Issues Raised by Defendant's Transfer Motion; and (2) for an Extension of Time to Respond to the Transfer Motion Pending Completion of the Discovery (ECF No. 31) (hereinafter, "Motion for Discovery"). Ciena filed a Reply in Support of its Motion to Transfer (ECF No. 34) and an Opposition to Capella's Motion for Discovery (ECF No. 35) on November 3, 2020. Capella filed a Reply in Support of its

Motion for Discovery on November 16, 2020. (ECF No. 36). Capella then filed a Notice of Supplemental Authority of November 24, 2020. (ECF No. 37).

## II.     DISCUSSION

### A.     Standard of Review

Motions to transfer are governed by 28 U.S.C. § 1404(a), which permits a district court to transfer a civil action to another district or division, "to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Topiwala v. Wessell, No. WDQ-11-543, 2012 WL 122411, at *6 n.21 (D.Md. Jan. 12, 2012) (quoting Dicken v. United States, 862 F.Supp. 91, 92 (D.Md. 1994)).

Courts in the Fourth Circuit "consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015) (citations omitted).[3] The burden is on the moving party to show, by a preponderance of the evidence, that transfer to another forum is proper. See Gilbert v. Freshbikes, LLC, 32 F.Supp.3d 594, 607 (D.Md. 2014). "Ultimately, '[t]he decision whether to transfer is committed to the sound discretion of the trial court.'"

---

[3] In addition, "the transferee court must be a court in which the action could have been brought initially[.]" Dow v. Jones, 232 F.Supp.2d 491, 499 (D.Md. 2002) (citing 28 U.S.C. § 1404(a)). The parties agree that this action could have been brought in the Northern District of California.

Hausfeld v. Love Funding Corp., 16 F.Supp.3d 591, 604 (D.Md. 2014) (alteration in original) (quoting Mamani v. Bustamante, 547 F.Supp.2d 465, 469 (D.Md. 2008)).

**B.      Analysis**

At the outset, the Court notes and rejects Capella's argument that Ciena's Motion should be denied due to an "[u]nexplained [d]elay [i]n [f]iling." (Opp'n at 6). Tellingly, Capella cites no case law in support of this argument. As Ciena notes in its Reply, courts in this circuit regularly grant venue transfers farther along in a proceeding than the parties in this action. See, e.g., Berg Corp. v. C. Norris Mfg., LLC, No. JKB-19-43, 2020 WL 231054 (D.Md. Jan. 15, 2020); CIVIX-DDI, LLC v. Loopnet, Inc., No. 2:12-cv-0002, 2012 WL 3776688 (E.D.Va. Aug. 30, 2012). Indeed, Capella does not even argue that it would be prejudiced by the transfer, instead focusing on Ciena's purported "forum shopping." (Opp'n at 7). Accordingly, the Court places minimal weight on this argument. With that, the Court proceeds to the factors for venue transfer.

### 1.      Deference to Plaintiff's Choice of Venue

Ordinarily in the Fourth Circuit, "[u]nless the balance of the factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Hausfeld, 16 F.Supp.3d at 604 (quoting Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)). The weight accorded to a plaintiff's choice of venue "is lessened, however, when . . . the chosen forum is not the plaintiff's home[.]" Tse v. Apple Computer, Inc., No. BEL-05-2149, 2006 WL 2583608, at *2 (D.Md. Aug. 31, 2006). Here, Capella is a Delaware corporation with its primary place of business in California. (Compl. ¶ 1). Moreover, "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's

selection of that forum is entitled to less deference." Ricoh Co. v. Honeywell, Inc., 817 F.Supp. 473, 481 (D.N.J. 1993). Here, "[t]he primary Ciena product that Capella alleges infringes its patents was designed and developed . . . by engineers in Ottowa, Canada[.]" (Mot. Discovery at 1, ECF No. 31). Accordingly, the Court places little weight on Capella's choice of forum.

### 2. Convenience of Venue for Parties and Witnesses

The parties' arguments regarding convenience appear to reflect an overabundance of generosity. Capella argues that Maryland, the location of Ciena's headquarters, is the most convenient location; Ciena argues that California, the location of Capella's headquarters, would be most convenient.[4] These arguments appear to negate each other and the Court will not place substantial weight on the location of the parties' headquarters in deciding the instant Motion.

Capella next argues that Maryland is more convenient because Ottowa, the location of the Ciena engineers responsible for designing and developing the product it alleges infringes on its patents, is closer to Maryland than California. However, "the convenience of witnesses who are employees of a party is entitled to less weight because that party can

---

[4] Indeed, Capella has presented precious few arguments or facts regarding why Maryland would be a more convenient forum for its own interests. Other courts have relied on the absence of such a showing in finding that venue transfer was appropriate. See, e.g., Pac. Car and Foundry Co., 403 F.2d 949, 954 (9th Cir. 1968) (finding that the plaintiff made "no showing worth mentioning that its own convenience would be served by its choice of forum," leaving the court with "a choice of forum supported only by the fact that it was chosen"); Fustok v. Banque Populaire Suisse, 546 F.Supp. 506, 512 (S.D.N.Y. 1982) ("[P]laintiff does not offer a single compelling reason regarding his own convenience to support his choice of this forum.").

9

obtain their presence at trial." Capitol Payment Sys., Inc. v. Di Donato, No. ELH-16-882, 2017 WL 2242678, at *9 (D.Md. May 23, 2017) (quoting 5C Wright & Miller, Federal Practice & Procedure § 3854 (4th ed. 2008, 2020 Supp.)). In addition, in practical terms, Ottowa is a substantial distance from both California and Maryland; the marginal difference in the convenience of traveling to one or the other is modest.

Moreover, this Court has held that "'[i]n this electronic age, there are no substantial burdens associated with discovery or witness availability that support the need for transfer' as 'documents generally are stored, transferred and reviewed electronically.'" Cluck-U, Corp. v. Cluck-U Chicken, Inc., No. PWG-15-3439, 2016 WL 9526438, at *4 (D. Md. May 27, 2016) (alteration in original) (quoting Netgear, Inc. v. Ruckus Wireless, Inc., No. 10-999, 2011 WL 3236043, at ¶ 14 (D.Del. July 28, 2011)). For the same reasons, considerations of convenience cannot augur as strongly against transfer as they once might have. This is even more true in our pandemic-stricken present, in which litigants across the country have by necessity become adept at conducting litigation remotely. Thus, the Court finds that transferring this action to the Northern District of California will not significantly inconvenience parties or witnesses.[5]

---

[5] The Court is mindful of Capella's pending Motion for Discovery. In it, Capella seeks "an order allowing it to conduct limited discovery, on an expedited basis, to investigate the facts pertaining to Ciena's convenience arguments." (Mot. Discovery at 3). Through the Motion, Capella proposes seeking "a limited number of interrogatories and document requests, and a single notice of deposition." (Opp'n at 10 n.7). However, as noted above, Capella has made virtually no arguments explaining why this District would be the most convenient forum for Capella. Nor do any of the subjects set forth in its Motion for Discovery appear to target such information. (See Mot. Discovery at 9–10). Indeed, virtually all of the discovery requests relate to the location of Ciena employees and documents; those that do not refer to documents and persons under the control of Ciena

**3.    Interest of Justice**

The Court must also consider whether a transfer is in the interest of justice. "This factor is 'amorphous and somewhat subjective,' and allows a court to 'consider many things.'" Gennari Consulting, Inc. v. Wellington Corp., LLC, No. ELH-19-1851, 2019 WL 6829102, at *9 (D.Md. Dec. 13, 2019) (quoting 15C Wright & Miller, Federal Practice & Procedure § 3854 (4th ed. 2008, 2020 Supp.)). When considering this factor, a court "must 'weigh the impelling need for efficiency in the administration of our court system against the right of [the plaintiff] to continue the trial in a forum [it chose][.]'" Id. (alteration in original) (quoting Cluck-U, 2016 WL 9526438, at *4).

"A significant factor in considering the interests of justice is avoiding duplicative litigation in courts, and the Court may appropriately consider the conservation of judicial resources and comprehensive disposition of litigation." Capitol Payment Sys., 2017 WL 2242678, at *14 (internal quotation marks and citation omitted). The Fourth Circuit has stated that "two suits in different circuits involving a number of identical questions of fact

---

vaguely and broadly request information about, for instance, "all Persons who reside or work in Maryland and . . . have knowledge of facts relevant to the allegations or defenses in the Lawsuit[.]" (Pl.'s Proposed Interrogs. to Def. at 7, ECF No. 31-3).

"Discovery under the Federal Rules of Civil Procedure is, of course, broad in scope and freely permitted." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). However, "the Court need not permit even limited discovery . . . [if] such discovery will be a fishing expedition." Va. Innovation Scis., Inc. v. Samsung Elecs. Co., 928 F.Supp.2d 863, 874 (E.D.Va. 2013) (alteration in original) (quoting Carefirst of M.D., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th Cir. 2003)). The Court finds that Capella has failed to establish that its Motion for Discovery would elicit information that would change the Court's decision on this Motion to Transfer, particularly because, as set forth herein, the interest of justice weighs heavily in favor of transfer. Accordingly, the Court will deny Capella's Motion for Discovery.

and law would result in a useless waste of judicial time and energy." <u>Gen. Tire & Rubber Co. v. Watkins</u>, 373 F.2d 361, 368 (4th Cir. 1967). Thus, "[t]he interest of justice weighs heavily in favor of transfer when a related action is pending in the transferee forum. Transfer is favored not only because litigation of related claims in the same tribunal may facilitate efficient pretrial proceedings and discovery but also because it avoids inconsistent results." <u>D2L Ltd. v. Blackboard, Inc.</u>, 671 F.Supp.2d 768, 783 (D.Md. 2009) (citation and footnote omitted); <u>see also</u> <u>Nat'l Lab. Relations Bd. Prof'l Ass'n v. Fed. Serv. Impasses Panel</u>, No. PX-20-78, 2020 WL 1638410, at *4 (D.Md. Apr. 2, 2020) (citation omitted) ("Transfer of similar claims to one jurisdiction is also in the interests of justice so as to avoid inconsistent results, even where the particular parties may not be precisely identical."). "The interest of justice also strongly favors transfer when a party has previously litigated a case involving similar issues and facts before the transferee court." <u>D2L</u>, 671 F.Supp.2d at 783.

Here, both of the considerations set forth in <u>D2L</u> are present: two related actions are pending in the transferee forum <u>and</u> the parties have previously litigated a case involving similar issues and facts before the transferee court. Based on the similarities between this action and the currently pending actions in the Northern District of California, as well as the similarities between this action and the now-concluded action before Judge Chen in that District, the Court concludes that the interest of justice weighs heavily in favor of transfer.

Capella has not established that its choice of forum is entitled to substantial deference, nor has it persuaded the Court that this District would be more convenient for

witnesses or the parties. In the absence of any compelling reasons to maintain the action in this District, the Court's finding that the interest of justice weighs strongly in favor of transfer is dispositive. Accordingly, the Court will transfer this action to the United States District Court for the Northern District of California.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Ciena's Motion to Transfer (ECF No. 30). A separate Order follows.

Entered this 1st day of December, 2020.

/s/
George L. Russell, III
United States District Judge